FILED
2021 Jun-29  PM 04:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **JOSEPH HOLT,**<br>    **Plaintiff,**<br><br>**v.**<br><br>**AMERICAN MODERN HOME**<br>**INSURANCE COMPANY,**<br>    **Defendant.** | )<br>)<br>)<br>)<br>)   **Case No. 2:21-cv-00885-AKK**<br>)<br>)<br>)<br>)<br>) |

## ANSWER

Defendant American Modern Property and Casualty Insurance Company

("American Modern")[1] answers the Complaint as follows:

### PARTIES

1.    Admitted.

2.    American Modern denies it is a "d/b/a" of American Modern Home

Insurance Company. American Modern admits it is a foreign corporation and is a

citizen of Ohio. American Modern further admits its registered agent is correctly

identified.

### VENUE

3.    American Modern admits venue in this court is proper.

---

[1] Incorrectly designated as "American Modern Home Insurance Company."

## FACTS

4.    American Modern is incapable of providing an admission or denial to this paragraph as stated because it does not understand what is being alleged.

5.    American Modern is incapable of providing an admission or denial to this paragraph as stated because it does not understand what is being alleged.

6.    American Modern is incapable of providing an admission or denial to this paragraph as stated because it does not understand what is being alleged.

7.    American Modern is incapable of providing an admission or denial to this paragraph as stated because it does not understand what is being alleged.

8.    American Modern is incapable of providing an admission or denial to this paragraph as stated because it does not understand what is being alleged.

9.    Denied.

10.    American Modern admits it issued a Dwelling Basic policy, policy no. 101-054-130, (the "Subject Policy") to Plaintiff on November 9, 2020.

11.    The terms and conditions of the Subject Policy speak for themselves; all other allegations in this paragraph are denied.

12.    Admitted.

13.    American Modern admits it issued separate policies to Plaintiff for other properties.  The terms and conditions of each policy speak for themselves. All other allegations are denied.

2

14.    Admitted as to this policy before it was cancelled.

15.    Admitted as to this policy.

16.    American Modern admits the Property sustained significant fire damage. American Modern lacks sufficient information to admit or deny the remaining allegations of this paragraph.

17.    Admitted.

18.    Admitted.

19.    American Modern admits Plaintiff participated in the claims process. The remaining allegations of this paragraph contain legal argument and conclusions to which no response is required. To the extent a response is required, American Modern denies the remaining allegations of this paragraph.

20.    The Subject Policy was rescinded because of Plaintiff's misrepresentations on the application. All other allegations in this paragraph are denied.

21.    American Modern denies the referenced notice relates to the Subject Policy. The notice speaks for itself and any characterization or description inconsistent therewith is denied.

22.    American Modern denies the referenced notice relates to the Subject Policy. The notice speaks for itself and any characterization or description inconsistent therewith is denied.

23. The referenced check and associated correspondence speak for themselves and any characterization or description inconsistent therewith is denied.

24. The referenced letter speaks for itself and any characterization or description inconsistent therewith is denied.

25. Denied.

## COUNT I
## BREACH OF CONTRACT

26. American Modern adopts and incorporates by reference its answers to the prior paragraphs as if fully set forth herein.

27. The Subject Policy speaks for itself and any characterization or description inconsistent therewith is denied.

28. Denied.

29. The Subject Policy speaks for itself and any characterization or description inconsistent therewith is denied.

30. The allegations of this paragraph contain legal argument and conclusions to which no response is required. To the extent a response is required, American Modern denies the allegations of this paragraph to the extent they are inconsistent with or mischaracterize the terms and conditions of the Subject Policy or Alabama law.

31. Denied.

32. Denied.

## COUNT II
## BAD FAITH

33. American Modern adopts and incorporates by reference its answers to the prior paragraphs as if fully set forth herein.

34. Denied.

35. The Subject Policy speaks for itself and any characterization or description inconsistent therewith is denied.

36. American Modern admits the Property sustained fire damage. American Modern lacks knowledge or information sufficient to form a belief about the truth of the other allegations in this paragraph which are, therefore, denied.

37. American Modern admits the Property sustained fire damage. American Modern lacks knowledge or information sufficient to form a belief about the truth of the other allegations in this paragraph which are, therefore, denied.

38. Admitted.

39. American Modern rescinded the Subject Policy and denied coverage for the claim. All other allegations are denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. American Modern admits Plaintiff submitted false information in the application process related to the Subject Policy rendering it void *ab initio*. American Modern also admits it did not cancel the other two referenced policies, for which separate applications were taken. All other allegations in this paragraph are denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

American Modern denies Plaintiff is entitled to the relief sought, including the relief mentioned in paragraphs 58-64.

## AFFIRMATIVE DEFENSES

This case is in the early stages; American Modern reserves the right to amend this answer by adding, deleting or amending defenses as may be appropriate. In further answer to the Complaint, American Modern asserts the following affirmative defenses:

1.      American Modern denies every allegation in the Complaint not specifically admitted and denies Plaintiff is entitled to any damages or recovery from American Modern in this action.

2.      American Modern demands strict proof of all the allegations in the Complaint.

3.      The Complaint fails to state claims upon which relief can be granted.

4.      In order to avoid waiver, American Modern pleads unclean hands, laches, estoppel, waiver, and release.

5.      American Modern's obligations are limited by the terms, conditions, provisions, definitions, endorsements, and exclusions of the Subject Policy.

6.      Plaintiff's claims against American Modern are barred by his fraudulent conduct.

7.      Plaintiff's claims against American Modern are barred by his misrepresentations of material fact(s) in his insurance application and in connection with the loss.

7

8.      Plaintiff's claims against American Modern are barred by Ala. Code §§ 27-14-7 and 27-14-28.

9.      Plaintiff's claims against American Modern are barred, in whole or in part, by the doctrine of unjust enrichment because he would be unjustly enriched by the requested relief.

10.     Plaintiff's claims against American Modern are barred because he failed to satisfy conditions precedent as set forth in the Subject Policy.

11.     Plaintiff's claims against American Modern are barred because the Subject Policy is void *ab initio*.

12.     American Modern denies it breached any contract with Plaintiff.

13.     American Modern denies it, or any of its agents, servants or employees, are guilty of any bad faith conduct in their dealing with Plaintiff.

14.     American Modern denies any intentional refusal to pay a loss submitted by Plaintiff which was covered under the Subject Policy.

15.     Plaintiff's bad faith claim is barred because American Modern had an arguable or debatable reason for its coverage decision.

16.     American Modern denies any intentional failure to determine whether a lawful basis for refusal to pay any portion of the benefits due under the Subject Policy and further denies any knowledge of a wrongful act in the adjustment of the claim.

17.     American Modern denies it breached any duty to Plaintiff.

18.     Plaintiff failed to mitigate his damages.

19.     American Modern denies any wrongful conduct giving rise to the stated cause(s) of action in the Complaint.

20.     Plaintiff's claim for punitive damages in this case is unlawful in that American Modern did not consciously or deliberately engage in oppression, fraud, wantonness, or malice towards Plaintiff.

21.     Plaintiff's claim for punitive damages is unconstitutional pursuant to the due process clauses of the Fourteenth Amendment to the United States Constitution and the Constitution of Alabama.

22.     American Modern pleads all limitations to punitive damages afforded by Alabama law, including but not limited to the provisions of Ala. Code § 6-11-20 and § 6-11-21.

23.     American Modern pleads all affirmative defenses available under any applicable federal law and under any applicable state law.

24.     American Modern reserves the right to assert any further additional defenses as warranted.

RESPECTFULLY SUBMITTED,

DATED: June 29, 2021

_____
F. LANE FINCH, JR.
(ASB-0027-I58F)
BRANDON J. CLAPP
(ASB-3990-D82W)
*Attorneys for American Modern Property*
*and Casualty Insurance Company*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
(205) 314-2401
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

10

## CERTIFICATE OF SERVICE

I certify that on June 29, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send notification of filing to all counsel of record, and mailed the foregoing by U.S. Mail, postage prepaid and properly addressed, to the following:

Richard A. Rice
The Rice Firm, LLC
115 Richard Arrington Jr. Blvd N.
Birmingham, AL 35203

Jaqueline Anderson Smith, Clerk
Circuit Court of Jefferson County, Alabama
716 Richard Arrington Jr Blvd N.
Birmingham, AL 35203

_____
OF COUNSEL

4839-7675-8255, v. 2

11