FILED

2022 Aug-23  AM 11:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOSEPH HOLT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-cv-00885-AKK** |
| | ) | |
| **AMERICAN MODERN HOME** | ) | **OPPOSED MOTION** |
| **INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

## REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

F. Lane Finch, Jr.
Brandon J. Clapp
SWIFT, CURRIE, McGHEE & HIERS, LLP
2 North 20th Street, Suite 1405
Birmingham, Alabama 35203
T: (205) 314-2401
F: (205) 244-1373
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com
*Attorneys for American Modern Property and*
*Casualty Insurance Company*

# **TABLE OF CONTENTS**

I.      Introduction..............................................................................................1

II.     Narrative Statement of Undisputed Facts.......................................................2

IV.     Argument ...............................................................................................3

      A.      Plaintiff Concedes There Are Material Misrepresentations In The Application He Signed. .......................................................................3

      B.      Plaintiff's Post-Loss Misrepresentations Also Preclude Coverage ...8

      C.      Arson Is A Defense To Coverage .......................................................9

      D.      No Evidence of Bad Faith ................................................................10

V.      Conclusion .............................................................................................11

Defendant American Modern Property and Casualty Insurance Company ("American Modern") submits the following Reply Brief in Support of its Motion for Summary Judgment:

## I.  INTRODUCTION

Plaintiff Joseph Holt's Response to American Modern's Motion for Summary Judgment concedes the lead argument: that his insurance application contains material misrepresentations concerning the subject property. While Plaintiff attempts to cast blame on his insurance agent for the misrepresentations and labels him as "Defendant's agent," neither argument defeats American Modern's misrepresentation defense for two reasons. First, Plaintiff signed the application and, consequently, adopted its contents, even if he did not verify the accuracy of the information contained in the application. Second, Plaintiff offers no evidence to make a valid Rule 56 argument that the insurance agent is "Defendant's agent". Thus, Plaintiff's admission as to the misrepresentations in the application is dispositive, and American Modern is entitled to summary judgment because the Policy was properly rescinded under Ala. Code § 27-14-7.

American Modern is also entitled to summary judgment based on Plaintiff's post-loss misrepresentations and the arson defense as discussed below.

1

## II.  NARRATIVE STATEMENT OF UNDISPUTED FACTS

Plaintiff does not genuinely dispute the fundamental facts supportive of American Modern's misrepresentation argument. Specifically, Plaintiff does not dispute the following:

- Plaintiff signed the policy application submitted to American Modern. *See* Fact No. 6.

- Plaintiff's application misrepresented the purchase date of the property by more than 3 years. *See* Fact Nos. 7 and 17.

- Plaintiff's application misrepresented the purchase price of the property by $80,000. *See* Fact Nos. 7 and 18.

- Plaintiff's application misrepresented the period the property was previously insured, despite the fact Plaintiff never had it insured prior to the American Modern Policy. *See* Fact Nos. 8 and 19.

While in several instances Plaintiff labels the insurance agent, Taylor Dye, as American Modern's agent or argues Dye's knowledge is imputed to American Modern, he offers no evidence to support either premise. Thus, Plaintiff's conclusory labels or arguments must be disregarded. *See, e.g., Ellis v. England,* 432 F.3d 1321, 1326 (11th Cir. 2005) (Holding "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.")

Further, Plaintiff does not offer any specific evidence disputing the fact he made post-loss misrepresentations concerning the condition of the property. Rather, Plaintiff merely claims he will present evidence at trial of the repairs.

Finally, Plaintiff does not offer any evidence rebutting the fact that the fire was determined to be of an incendiary nature or that he had motive and opportunity to commit arson.

### III.  ARGUMENT

**A.  Plaintiff Concedes There Are Material Misrepresentations In The Application He Signed**

American Modern is entitled to summary judgment because it was induced to issue an insurance policy to Plaintiff by his misrepresentations in the policy application.  There is no evidence Plaintiff was unable to read the application before he signed it and correct any errors he saw prior to its submission to American Modern. Thus, he is bound by the statements he made in the application.

By signing the application, Plaintiff represented to American Modern that he purchased the property in November 2020, but he knew he purchased it three years earlier in 2017. He represented he paid $89,000 for it, but he knew he paid less than $10,000 for it. Finally, he represented that the property was insured prior to applying for coverage with American Modern, but he knew he never insured it in the three years before he applied for insurance with American Modern.  Plaintiff's unpersuasive response to these blatant misrepresentations is the assertion he must

not have reviewed the application prior to signing it. However, his excuse is not legally sufficient to avoid rescission under Alabama law.

"'Insurance companies are entitled to candid and truthful answers, and when such candor is withheld and involves matters material to the risk, no just complaint can be raised, when, in after investigations, the falsity is discovered and the policies issued in reliance upon the truthfulness of the statements, are avoided.'" *Liberty Life Ins. Co. v. Hale*, 230 So. 2d 526, 530 (Ala. 1970) (quoting *New York Life Ins. Co. v. Horton,* 180 So. 277, 282 (1938)). When insurers do not receive candid answers regarding matters that are material to the underwriting, they are entitled to avoid the policy. *See Duren v. Northwestern Life Ins. Co*., 581 So. 2d 810 (Ala. 1991); *Bankers Life & Cas. Co. v. Long*, 266 So. 2d 780 (Ala. App. 1972); Ala. Code § 6-5-102 ("Suppression of a material fact which the party is under an obligation to communicate constitutes fraud.").

Importantly, Alabama courts have held "it is not necessary that the insured have made the misrepresentation with an intent to deceive; even if innocently made, an incorrect statement that is material to the risk assumed by the insurer or that would have caused the insurer in good faith not to issue the policy in the manner that it did provides a basis for the insurer to avoid the policy." *Alfa Life Ins. Corp. v. Lewis*, 910 So. 2d 757, 762 (Ala. 2005) (affirming grant of summary judgment for rescission of life insurance policy based on incorrect response on application

4

regarding existence of congestive heart failure condition even though the insured was not aware she had been diagnosed with congestive heart failure at the time); *see also Stephens v. Guardian Life Ins. Co. of Am*., 742 F.2d 1329, 1333 (11th Cir. 1984) ("[T]he most innocent misrepresentation will afford a reason to rescind if the truth is either material to the risk or, even if immaterial, would have caused the particular insurer acting in good faith to have declined the coverage in the amount and at the rate obtained by the application."). Thus, American Modern need not prove an intent to deceive, although that is the clear inference here. The dispositive fact is Plaintiff had a duty to candidly advise American Modern of basic facts concerning the property, such as the purchase price, purchase date, and period the home was previously uninsured.  He breached that duty.

To address Plaintiff's only defense to the misrepresentations on his application, American Modern points out Alabama case law is clear that he is bound by the statements in the application because he had the ability to read it and correct any errors prior to signing it. *See Nationwide Mut. Fire Ins. Co. v. Pabon,* 903 So. 2d 759, 768 (Ala. 2004) ("Because [the wife] was given the opportunity to review the answers on the insurance application before she signed it, we reject the arguments that [the insurer's] agent created the inaccuracies on the application and that [the insurer] waived its right to defend on the basis that the application contained innocent but material misrepresentations. We conclude that [the wife] is bound by

5

the answers on the insurance application."). The principle behind this rule was explained in *Johnnie's Homes, Inc. v. Holt*, 790 So. 2d 956, 960 (Ala. 2001): "[A] person who signs an instrument without reading it, when he can read, can[ ]not, in the absence of fraud, deceit or misrepresentation, avoid the effect of his signature, because [he is] not informed of its contents." Thus, Plaintiff is legally bound by the contents of his insurance application. He has not provided any evidence supporting an allegation of fraud, deceit, or misrepresentation on the part of anyone else because the applications are plainly written and he knew the true answers to the questions.

Plaintiff's efforts to impute the agent's knowledge of the "true facts" concerning the subject property to American Modern also fails. First, Plaintiff offers no evidence the agent knew the information on the application was false. Second, Plaintiff has not provided the Court with any evidence that the insurance agent was American Modern's agent for the purpose of assisting Plaintiff shop for insurance. Instead, Plaintiff simply alleges agency in conclusory fashion; he fails to offer evidence to prove such agency. That is insufficient to defeat American Modern's Motion for Summary Judgment. *See, e.g., Ellis,* 432 F.3d at 1326 (holding "mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion."); s*ee also Northington v. Dairyland Ins. Co.*, 445 So. 2d 283, 285-86 (Ala. 1984) (holding the principal / insurer could not be held liable for representations of its insurance agent under the doctrine of apparent authority

6

and estoppel since there was no evidence that the insurer indicated to the automobile owner or led her to believe that the agent had authority to act for the company in the manner in which he acted). Stated simply, Plaintiff cannot defeat American Modern's misrepresentation arguments by asserting without supporting evidence that the insurance agent (a) was responsible for the false information and (b) was, in fact, American Modern's agent for the purpose of filling out the application.

Moreover, the Alabama Supreme Court rejected a substantially similar argument to the one made here:

> Pabon argues that her oral answers to the questions were accurate but that the agent then incorrectly recorded the information on the application. Pabon argues that the answers on the application should not be imputed to her when, she alleges, the agent improperly recorded Pabon's responses and Pabon merely failed to notice those incorrect answers before she signed the application. We reject these arguments.
>
> . . . .
>
> Because Pabon was given the opportunity to review the answers on the insurance application before she signed it, we reject the arguments that Nationwide's agent created the inaccuracies on the application and that Nationwide waived its right to defend on the basis that the application contained innocent but material misrepresentations. We conclude that Pabon is bound by the answers on the insurance application.

*Pabon,* 903 So. 2d at 767. Thus, even if the Court entertains Plaintiff's factually unsupported argument, that argument must still be rejected because Plaintiff had an opportunity to review and correct the application prior to signing it.

It is further undisputed that American Modern would not have issued to policy had Plaintiff submitted accurate information on the application for coverage. Ms. Elam's unrebutted affidavit proves American Modern would not have issued the policy to Plaintiff if he accurately reported the property was uninsured for three years. Thus, Plaintiff's misrepresentations were material under Alabama law, and American Modern was entitled to rescind the Policy and deny the claim. *See, e.g., Taylor v. Golden Rule Ins. Co.*, 544 So. 2d 932 (Ala. 1989) and Ala. Code § 27–14– 7.

American Modern is entitled to judgment as a matter of law with respect to Plaintiff's breach of contract claim based on the record evidence and Alabama case law.

**B.    Plaintiff's Post-Loss Misrepresentations Also Preclude Coverage**

Plaintiff attempts to rebut American Modern's post-loss misrepresentation arguments by claiming questions of fact exist. However, he fails to come forward with any evidence substantiating his claim that he spent over $80,000 renovating the subject property. Rather, he claims he ***will have*** supporting evidence at trial. The promise of future evidence does not create a genuine issue of fact for purposes of

8

Rule 56. The motion is due to be granted on the record evidence before the Court now.

## C.     Arson Is A Defense To Coverage

Plaintiff's efforts to avoid summary judgment based on the arson defense are also unavailing. He simply claims the arson defense does not apply because Mr. Pickett claims he lived at the house at the time of the fire. However, American Modern submitted evidence to prove all elements of its arson defense. The fire was incendiary in nature and had multiple points of origin. Doc. 16-10 at pp. 2-3. Plaintiff had a financial motive: he purchased the subject insurance policy a few weeks before the fire and significantly inflated the value of the house by misrepresenting the purchase price. Third, there are unexplained surrounding circumstantial evidence implicating Plaintiff.

That is even further established if Mr. Pickett's affidavit is taken at face value because he worked with Plaintiff [Doc. 20-1 at ¶ 2], the fire started while he was allegedly present [*Id.* at ¶ 10], he disappeared before the police and fire department arrived (as evidenced by their belief the home was vacant) [Doc. 16-10 at pp. 2-4], and Plaintiff's whereabouts at the time of the fire are questionable.

Thus, American Modern is entitled to judgment as a matter of law on Plaintiff's breach of contract claim because arson is a complete defense.

9

**D.      No Evidence Of Bad Faith**

The law in Alabama is clear: "for a 'normal' bad faith claim to be submitted to the jury, the underlying contract claim must be so strong that the plaintiff would be entitled to a pre-verdict judgment as a matter of law." *See Jones v. Alfa Mut. Ins. Co.*, 1, So. 3d 23, 32 (Ala. 2008) (citations and quotations omitted). Here, Plaintiff's bad faith claim fails at the start because he is not entitled to judgment as a matter of law on the breach of contract claim for the reasons discussed above. Principally, American Modern properly rescinded the policy once it discovered Plaintiff's material misrepresentations in the signed policy application.

Even if Plaintiff could get past the breach of contract hurdle, he must also "show the absence of any reasonable legitimate or arguable reason for denial of a claim." *See State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 306 (Ala. 1999). While Plaintiff makes a conclusory statement that American Modern lacked a legitimate or arguable basis to deny the claim, he offers no record evidence or case law to support that conclusory statement.

As discussed above, American Modern's principal argument is that the Policy was properly rescinded because Plaintiff signed an application containing material misrepresentations. Plaintiff admits the application is inaccurate, but he refused to correct it when he had the chance prior to signing it. Thus, Plaintiff's admitted misrepresentations in the application justified American Modern's denial of the

10

claim and rescission of the Policy. At the bare minimum, American Modern had an arguable or legitimate basis for its position because Plaintiff concedes the inaccuracies in the application. Thus, Plaintiff cannot "eliminate any arguable reason propounded by [American Modern] for refusing to pay the claim." *LeFevre v. Westberry*, 590 So. 2d 154, 159 (Ala. 1991).

Accordingly, American Modern is entitled to judgment as a matter of law on Plaintiff's bad faith claim.

## IV.  CONCLUSION

As set forth above, Plaintiff's application for insurance contained false information concerning basic information about the subject property to be insured. Plaintiff knew the true facts, but he failed to correct the false information prior to signing the application, knowing that it would be submitted to American Modern.

Shortly after Plaintiff signed that false application, the subject fire occurred, providing Plaintiff with an opportunity to obtain coverage benefits based on an inflated value of the home. American Modern discovered Plaintiff's misrepresentations while conducting its investigation of the fire and properly rescinded the Policy and denied the claim.

Plaintiff's breach of contract and bad faith claims both fail as a matter of law because it is undisputed that he made material misrepresentations in his insurance application. He cannot walk that back now and claim innocence or blame the agent.

11

He signed the application and adopted the false information contained therein. American Modern was entitled to rely on Plaintiff's application in connection with the issuance of the Policy.  Had it known the truth of several answers, it would not have issued the Policy. Thus, American Modern's Motion for Summary Judgement is due to be granted as to each of Plaintiff's claims.

WHEREFORE, PREMISES CONSIDERED, Defendant American Modern Property and Casualty Insurance Company respectfully requests the Court enter judgment in its favor and against Plaintiff Joseph Holt because there is no genuine issue of material fact and it is entitled to judgment as a matter of law.

Respectfully submitted,

DATED:  August 23, 2022

*/s/ Brandon J. Clapp*
F. Lane Finch, Jr. (ASB-0027-I58F)
Brandon J. Clapp (ASB-3990-D82W)
*Attorneys for Defendant*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2406
F: (205) 244-1373
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2022, the foregoing was served upon the following attorney(s) of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[✓]    CM/ECF Electronic Filing
[]     Email
[]     U.S. Mail
[]     Facsimile
[]     Hand Delivery

Richard A. Rice, Esquire
rrice@rice-lawfirm.com
*Attorney for Plaintiff*

                                        */s/ Brandon J. Clapp*
                                        OF COUNSEL

4886-9900-5231, v. 1

13