FILED
2022 Oct-13  PM 10:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH HOLT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:21-cv-00885-MHH** |
| | ) | |
| **AMERICAN MODERN HOME** | ) | **OPPOSED MOTION** |
| **INSURANCE COMPANY,** | ) | |
| **Defendant.** | ) | |

**AMERICAN MODERN'S MOTION IN LIMINE**

Defendant American Modern Property and Casualty Insurance Company ("American Modern") moves the Court to enter an order in limine excluding any and all evidence, testimony, exhibits, questions, references, statements, and arguments in the presence of a jury concerning the subject matter set forth herein.

**1.    Evidence Of Mental Anguish Or Emotional Distress**

Plaintiff Joseph Holt makes a claim for unspecified mental anguish and/or emotional distress. *See* State Court Doc. 2 – Compl. at ¶ 59. It is undisputed he did not reside at the subject home and he used it as an investment or rental property. Doc. 16-1 at p. 10. In the absence of a claim of actual physical injury, Alabama law only allows for recovery of mental anguish or emotional distress in limited circumstances. One of the narrow exceptions to this general rule concerns claims arising from homeowner's insurance policies due to the personal nature of

1

homeownership when the insured property is the insured's place of residence. *See Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc.,* 207 F.3d 1351, 1359-60 (11th Cir. 2000); *Christian v. Country Mut. Ins. Co.*, 2014 U.S. Dist. LEXIS 73104, 16 (N.D. Ala. May 29, 2014). However, those circumstances do not exist here, so Plaintiff has no legitimate basis for claiming mental anguish or emotional distress. Allowing any evidence or testimony of such would be irrelevant and would only serve to prejudice American Modern, create sympathy for Plaintiff, confuse the jury and waste the Court's time. Thus, American Modern requests the Court enter an order prohibiting Plaintiff, his attorneys or anyone else from offering into evidence, attempting to offer into evidence, or otherwise mentioning alleged mental anguish or emotional distress.

**2.      Evidence of Lost Rental Income Or Lost Profits**

Plaintiff's Complaint and discovery responses indicate he claims he is entitled to recover lost rental income as a component of his damages. *See* State Court Doc. 2 at ¶ 58 and Doc. 16-1 at p. 31. A plaintiff may recover lost profits if they flow directly and naturally from a breach of contract and are not speculative. *Ramsey v. Avco Financial Services*, 646 So.2d 142, 143 (Ala. Civ. App. 1994); s*ee also Paris v. Buckner Feed Meal, Inc.*, 182 So. 2d 888, 881-82 (Ala. 1966) (holding loss of profits must be the natural and proximate result from the breach complained of and capable of ascertainment with reasonable certainty).

2

However, Plaintiff's lost rental income claim is unsupported by the undisputed evidence because Plaintiff testified his alleged tenant was several months behind on rent payments when the fire occurred. *See* Doc. 16-1 at pp. 14 and 31. Thus, Plaintiff's lost rental income was not proximately caused by the fire; it predated the fire. Therefore, any evidence related to Plaintiff's alleged lost rental income is irrelevant, prejudicial to American Modern, would create sympathy for Plaintiff, confuse the jury, and waste the Court's time.

**3.    Evidence Of Other Insurance Policies Issued By American Modern To Plaintiff**

Plaintiff's Complaint refers to two other insurance policies issued by American Modern to Plaintiff concerning properties unrelated to this lawsuit. *See* State Court Doc. 2 – Compl. at ¶ 13. Thus, American Modern anticipates Plaintiff may attempt to offer evidence or testimony concerning those insurance policies. Any such evidence or testimony should be excluded as irrelevant under Fed. R. Evid. 401 and 402 because such evidence or testimony will be solely offered for the improper purpose of unfairly prejudicing American Modern, misleading the jury, or confusing the jury. Fed. R. Evid. 403. Based on the foregoing, Plaintiff should be precluded from offering evidence, testimony or arguing evidence of or argument unrelated insurance policies issued by American Modern to Plaintiff.

**4.      Testimony Suggesting Plaintiff Was Not Criminally Prosecuted For The Fire**

American Modern anticipates Plaintiff may refer to or testify to the fact that he was not criminally prosecuted for arson or insurance fraud. Such evidence has no place in this civil action based on an insurance contract. *See Aetna Cas. And Sur. Co. v. Gosdin*, 803 F.2d 1153, 1160 (11th Cir. 1986); *Williams v. Cambridge Mut. Fire Ins. Co.*, 230 F.2d 293 (5th Cir. 1956). Evidence of non-prosecution is inadmissible because of: (1) differing standards of proof between the criminal and civil actions; (2) differing parties with interests in the criminal and civil actions; and (3) prejudice to an insurer asserting an arson or misrepresentation defense.

Other jurisdictions have held that evidence of failure to prosecute a criminal action arising from the same facts and circumstances as the civil action is inadmissible. For example, in *U.S. v. Burns*, the insurance beneficiary was acquitted of murder of the insured. 103 F. Supp. 690, 691 (Dist. Md. 1952). The district court held that records in criminal cases were not admissible in civil cases, even though both cases arise from the same facts. *Id.* Further, in *Rabon v. Great Southwest Fire Ins. Co.*, the court adopted the rule that a trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his non-prosecution or acquittal on related criminal arson charges. 818 F.2d 306, 309 (4th Cir. 1987). Thus, American Modern requests the Court enter an order prohibiting

4

Plaintiff and his attorneys from offering evidence or testimony suggesting Plaintiff was not prosecuted.

**5.      Hearsay Testimony About The Circumstances Of The Fire**

American Modern anticipates Plaintiff may attempt to offer hearsay testimony regarding the circumstances of the fire. Plaintiff claims he was not present at the time of the fire and only heard about it from his alleged tenant. Plaintiff should be precluded from testifying as to statements made by the tenant about the circumstances of the fire. Such evidence or testimony is hearsay under Fed. R. Evid. 801(c) and is not subject to any of the exceptions to the against hearsay.

**6.      Evidence Not Previously Disclosed During Discovery**

American Modern served Plaintiff with interrogatories and requests for production designed specifically to elicit any evidence Plaintiff may have in this case. Pursuant to Fed. R. Civ. P. 26(e), Plaintiff is under a duty to supplement his discovery responses. Thus, American Modern moves the Court to prohibit Plaintiff from calling witnesses or introducing evidence not previously disclosed during discovery.

**7.      Evidence Of Other Claims Or Lawsuits**

American Modern anticipates Plaintiff may attempt to refer to, mention, or hypothesize about other claims or lawsuits involving American Modern. Such evidence or references are improper and inadmissible. Any minimal probative value

such evidence may have is greatly outweighed by the potential of undue prejudice against Defendants. *See* Fed. R. Evid. 403; *see also Wilson v. Bicycle South, Inc.,* 915 F.2d 1503, 1510 (11th Cir. 1990) (affirming exclusion of other incidents "because of the necessity for a considerable amount of extrinsic evidence to determine whether the incidents were sufficiently similar to meet the standards of Fed. R. Evid. 403."). The admission of evidence of any such claims or lawsuits will only confuse the jury, distract the attention of the jury away from the determinative issues in this action, and involve needless waste of time.

**8.    Wealth Or Poverty Of The Parties**

Plaintiff should be precluded from referring to or offering evidence of the relative wealth and/or poverty of the parties. Such appeals to sympathy are clearly improper as they have no bearing on the issues presented for determination. Fed. R. Evid. 401 and 402.

**9.    Improper Or Pejorative Characterizations About American Modern Or The Insurance Industry**

American Modern anticipates Plaintiff may attempt to argue or elicit testimony in an attempt to classify American Modern and the insurance industry as unsavory, scandalous, evil, dishonest, or other pejorative characterizations. Such argument, references and evidence have no relevant purpose and only serve to prejudice American Modern. Such argument or evidence would not be relevant, *see* Fed. R. Evid. 401, would be unduly prejudicial to American Modern, *see* Fed. R.

Evid. 403, and further, cannot be used to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). Furthermore, the jury must only consider the alleged conduct that harmed Plaintiff, and the jury should not consider appeals to passion or conduct irrelevant to the claims brought by Plaintiff. *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 423 (2003). Thus, Plaintiff should be precluded from arguing or eliciting testimony in an attempt to classify American Modern and/or the insurance industry as unsavory, scandalous, evil, dishonest, or other pejorative characterizations.

**10.    The "Golden Rule" Or Similar Prejudicial Tactics**

American Modern anticipates Plaintiff will ask the jury to put themselves in Plaintiff's position or otherwise apply the "Golden Rule," i.e. "do unto others as you would have them do unto you." Such argument is "universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 328 (7th Cir. 1989); *see also Lovett v. Union Pacific R. Co.*, 201 F.3d 1074, 1083 (8th Cir. 2000) (Golden Rule "argument is universally condemned because it encourages the jury to depart from neutrality and to decide the case on the basis of person interest rather than on the evidence.").

Similarly, Plaintiff may ask the jury to act "as the conscience of the community" or "send a message." This Court should exclude any references in voir

7

dire, opening statement, closing argument, or at any other point of the trial that jury members should "send a message," act as the "conscience of the community," or consider similar and equally improper factors in determining whether to award damages or in determining the size of any such award. Such statements are inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." *Honda Motor Co. v. Oberg*, 512 U.S. 415, 426 (1994). In *Westbrook v. General Tire & Rubber Co*., 754 F.2d 1233 (5th Cir. 1985), the Fifth Circuit condemned just such a "conscience of the community" argument as an "improper distraction from the jury's sworn duty to reach a fair, honest and just verdict according to the facts and evidence presented at trial. Because there is no place in this trial for such unfairly prejudicial argument, the Court should preclude Plaintiff from making these or any similar references or arguments.

WHEREFORE, PREMISES CONSIDERED, Defendant American Modern Property and Casualty Insurance Company respectfully requests the Court requests the Court enter an order in limine preventing Plaintiff, any witness, or Plaintiff's counsel from attempting to offer evidence or making any argument as to the issues set forth above.

Respectfully submitted,

DATED:  October 13, 2022

/s/ Brandon J. Clapp
F. Lane Finch, Jr. (ASB-0027-I58F)
Brandon J. Clapp (ASB-3990-D82W)

8

*Attorneys for Defendant American Modern
Property and Casualty Insurance Company*

**<u>OF COUNSEL</u>:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
1901 Sixth Avenue North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2406
F: (205) 244-1373
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2022, the foregoing was served upon the following attorney(s) of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[✓]    CM/ECF Electronic Filing
[]    Email
[]    U.S. Mail
[]    Facsimile
[]    Hand Delivery

Richard A. Rice, Esquire
rrice@rice-lawfirm.com
***Attorney for Plaintiff***

*/s/ Brandon J. Clapp*
OF COUNSEL

4888-3791-7240, v. 1