FILED

2024 Jan-18  PM 10:22
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

JOSEPH HOLT,          )
    Plaintiff,       )
                )
v.                )       **Case No. 2:21-cv-00885-MHH**
                )
AMERICAN MODERN HOME   )       **OPPOSED MOTION**
INSURANCE COMPANY,     )
    Defendant.       )

## <u>AMERICAN MODERN'S OBJECTIONS TO AND MOTION TO STRIKE PLAINTIFF'S UNTIMELY WITNESS AND EXHIBIT LISTS</u>

Defendant American Modern Property and Casualty Insurance Company ("American Modern") moves the Court to enter an order striking Plaintiff's untimely Witness and Exhibit Lists (*see* Docs. 33-34) or precluding Plaintiff from presenting the witnesses or offering the exhibits contained therein. As grounds, American Modern states as follows:

## 1. PROCEDURAL BACKGROUND

Although American Modern complied with this Court's Order requiring the parties to file witness and exhibit lists by December 1, 2023 (*see* Docs. 27-29), Plaintiff failed to do so. Instead, Plaintiff untimely filed Witness and Exhibit Lists on January 2, 2024 (*see* Docs. 33-34) without seeking leave. As such, Plaintiff should be precluded from offering any witnesses and exhibits at trial.

1

## II.  ARGUMENT

Fed. R. Civ. P. 16(f) states:

> [i]f a party or party's attorney fails to obey a scheduling order or pre-trial order . . . the judge, upon motion or his own initiative may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D).6

In turn, Rule 37(b)(2)(D) specifically provides the appropriate remedy in this instance:

> An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence.

District courts have held that a party who fails to provide a timely witness or exhibit list is precluded from introducing evidence or calling witnesses at trial. *See, e.g., Decreone v. U.S.* 1999 WL 1059687 (E.D. La. Nov. 19, 1999) (dismissing the plaintiffs suit for, among other things, failing to submit witness and exhibit lists); *Williams v. Terrebonne Parish Consolidated Gov't*, 1999 WL 127251 (E.D. La. March 9, 1999) (granting defendants' Motion in Limine excluding any evidence by the plaintiff because the plaintiff failed to file witness and exhibit lists); *Scaggs v. Consolidated Rail Corp.*, 6 F.3d 1290, 1295-1296 (7th Cir. 1993) (affirming district court's preclusion of witnesses not disclosed until the eleventh hour despite the Court's pre-trial order).

Because Plaintiff failed to timely file his Witness and Exhibit Lists as required by the Court, American Modern respectfully requests the Court strike Plaintiff's Witness and Exhibit Lists and preclude Plaintiff from presenting any witnesses and offering any exhibits at the trial of this case.

**B.      Alternative Objections To Plaintiff's Exhibit List**

Alternatively, American Modern further objects to and moves the Court to exclude the following exhibits identified in Plaintiff's Exhibit List, but American Modern reserves the right to offer additional objections to the documents identified in Plaintiff's Exhibit List at trial:

**Exhibits 5 and 6:** Exhibits 5 and 6 identified two insurance policies issued by American Modern to Plaintiff relative to other properties not at issue in this case. American Modern objects to and moves to exclude both exhibits because other insurance policies are not relevant and have no probative value to the issues in this case under Fed. R. Evid. 401 through 403. Moreover, any slight probative value that other policies might have is substantially outweighed by the possibility of confusing the jury by placing several policies not at issue in the case into evidence. Accordingly, the Court should exclude evidence of those policies or any other statements with regard to them.

**Exhibit 8:** Exhibit 8 identifies "Google Photographs of Comparable Properties in the same neighborhood of the Subject Property." First, Plaintiff has not

provided American Modern with the referenced photographs, and therefore, Plaintiff should be precluded from introducing same as evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) and Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, American Modern objects to and moves to exclude these photographs because they are not relevant and have no probative value to the issues in this case under Fed. R. Evid. 401 through 403. While American Modern anticipates Plaintiff may attempt to offer these photographs as a way to potentially show the value of the subject property, that is not the proper measure of damages in this breach of insurance contract case because the measure of damages is based on the contract. The only contract damages would be based on the costs of repair. Thus, these photographs are simply not relevant to the issues in this case and are due to be excluded.

**Exhibit 14:** Exhibit 14 identifies "American Modern 'Reinstatement Notice to Joseph Holt (January 7, 2021). That notice addresses the reinstatement of another policy issued to Plaintiff. American Modern objects to and moves to exclude that notice because they are not relevant have, no probative value to the issues in this case and risk confusing the jury under Fed. R. Evid. 401 through 403.

**Exhibits 18-23:**    Exhibits 18 through 23 identify various formation and corporate ownership structure documents relating to American Modern and other related entities. Plaintiff has not produced those documents; therefore, Plaintiff should be precluded from introducing same as evidence at trial. *See* Fed. R. Civ. P.

4

37(c)(1) and Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, American Modern objects to and moves to exclude these documents because they are not relevant and have no probative value to the issues in this case under Fed. R. Evid. 401 through 403.

**Exhibits 24-27:** Exhibits 24 through 27 identify Better Business Bureau and National Association of Insurance Commissioner documents. Plaintiff has not produced those documents; therefore, Plaintiff should be precluded from introducing same as evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) and Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, American Modern objects to and moves to exclude these documents because they are not relevant and have no probative value to the issues in this case under Fed. R. Evid. 403. Additionally, these documents are inadmissible hearsay under Fed. R. Evid. 801-802 and should be precluded. *See, e.g., QVC, Inc. v. MJC America, Ltd.,* 2012 WL 33026, at *4 (E.D. Pa. 2012) ("the customer complaints were not made under oath; the declarants were not subject to cross-examination; and the statements have not been verified. The interests of justice are not best served by allowing admission of these complaints for their truth").

**Exhibits 28-31:** Exhibits 24 through 27 identify documents from Relator.com, Zillow.com, and Trulia concerning real estate market evaluations. Plaintiff has not produced those documents; therefore, Plaintiff should be precluded from introducing same as evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) and Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, American Modern objects to and moves to

exclude these documents because they are not relevant and have no probative value to the issues in this case under Fed. R. Evid. 401 through 403. Indeed, the information shown on these websites shows the "value" of the homes, not the cost of repair, which would be the measure of damages in this case. Further, said documents are inadmissible hearsay under Fed. R. Evid. 801 through 802. *Guerrero v. Mambo Seafood #1, Inc*., 2020 WL 10787426, at \*4 (S.D. Tex. Oct. 19, 2020)) ("As to the commercial website valuations [at issue were valuations from Zillow, Redfin, and Realtor.com], 'material pulled from the internet [generally] constitutes hearsay,' and Defendant has failed altogether to explain why this evidence is not hearsay or why it should fall under a hearsay exception."), report and recommendation adopted, 2022 WL 1747023 (S.D. Tex. May 31, 2022); *Hollingsworth v. LM Ins. Corp.,* 2019 WL 1103414, at \*7 (M.D. Ga. Mar. 8, 2019) (finding estimates from Zillow and Realter.com inadmissible hearsay).

**Exhibits 33-34:**    Exhibits 33 and 34 identify a Project Calculator Report for Rebuild of the Subject Property from HomeDepot.com and a Rebuild Estimate purportedly prepared by Plaintiff or his company. Neither document has been produced; therefore, Plaintiff should be precluded from introducing same as evidence at trial. *See* Fed. R. Civ. P. 37(c)(1) and Fed. R. Civ. P. 26(a)(1)(A)(ii). Additionally, Plaintiff has not identified or disclosed any expert witnesses in this case. Numerous federal courts have held that opinions as to repair cost estimates

6

constitute expert testimony within the scope of Rule 702 and are subject to the disclosure requirements of Rule 26(a)(2). *See, e.g., Ivy Marine Consulting LLC v. Monarch Energy Partners, Inc.*, 2019 WL 1173356, *5 n.4 (S.D. Ala. March 13, 2019) (citing *Pendarvis v. American Bankers Ins. Co. of Fla.*, 354 Fed. Appx. 866, 869 (5th Cir. Nov. 30, 2009)); *see also Frankenmuth Mut. Ins. Co. v. Five Points W. Shopping City, LLC*, 2022 WL 949888, at *17 (N.D. Ala. Mar. 29, 2022) ("Courts routinely find that repair estimates constitute expert testimony because producing the estimate requires the witness to "forecast the amount, type, and costs of materials needed, as well as the amount of labor required to complete the long list of repairs.""). American Modern respectfully requests the Court to exclude these documents, which appear to support undisclosed expert or a lay witness concerning cost of repairs or the extent of repairs to the subject home. Thus, Plaintiff should be precluded from offering either exhibit at trial.

WHEREFORE, PREMISES CONSIDERED, Defendant American Modern Property and Casualty Insurance Company respectfully requests the Court strike Plaintiff's Witness and Exhibits Lists and preclude Plaintiff, any witness, or Plaintiff's counsel from attempting to offer evidence as set forth above.

Respectfully submitted,

DATED:  January 18, 2024

*/s/ Brandon J. Clapp*
F. Lane Finch, Jr. (ASB-0027-I58F)
Brandon J. Clapp (ASB-3990-D82W)

7

*Attorneys for Defendant American Modern Property and Casualty Insurance Company*

**<u>OF COUNSEL:</u>**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
1901 Sixth Avenue North, Suite 1100
Birmingham, AL 35203
T: (205) 314-2406
F: (205) 244-1373
lane.finch@swiftcurrie.com
brandon.clapp@swiftcurrie.com

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 18, 2024, the foregoing was served upon the following attorney(s) of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[✓]    CM/ECF Electronic Filing
[]    Email
[]    U.S. Mail
[]    Facsimile
[]    Hand Delivery

Richard A. Rice, Esquire
rrice@rice-lawfirm.com
***Attorney for Plaintiff***

*/s/ Brandon J. Clapp*
OF COUNSEL

4884-1318-2366, v. 1